AO 93 (Rev. 11/13) Search and Seizure Warrant

AUSA: Jihan Williams  Telephone: (313) 226-9520
Deputy: Justin Buell  Telephone: (313) 600-8061

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

In the Matter of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 21-50914-05
 )
The location data for a T-Mobile cellular telephone )
(More fully described in Attachment A) )
 )

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __Eastern__ District of __Michigan__.
*(describe the property to be searched and give its location)*:

See ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the property described above, and that such search will reveal *(describe the property to be seized)*:

See ATTACHMENT B.

This Warrant, including its attachments, also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings: __Tammie WADE__ is the person to whom the pen register or trap and trace device is to be attached/applied and who is the subject of the criminal investigation; ( __248__ ) __636__ - __9505__ is the phone number to which the device is to be attached; and __21__ U.S.C. § __841, 846__ is the offense, or one of the offenses, to which information relates.

**YOU ARE COMMANDED** to execute this warrant on or before __7/13/2021__ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __the presiding United States Magistrate Judge on duty__.
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for __30__ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __June 29, 2021   6:46 pm__

*Judge's signature*

City and state: __Detroit, MI__   Hon. Curtis Ivy, Jr.   U. S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: 21-50914-05 | Date and time warrant executed: June 29th 2021 | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: Cell location data and records data | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: 09/10/2021

*Executing officer's signature*

DUSM JUSTIN BUELL
*Printed name and title*

# ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 248-636-9505, whose wireless provider is T-Mobile.

This Warrant also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings: Tammie Wade is the person to whom the pen register or trap and trace device is to be attached/applied and who is the subject of the criminal investigation; 248-636-9505 is the phone number to which the device is to be attached; and Title U.S.C. § Statute  is the offense, or one of the offenses, to which information relates; and

The attorney for the government has certified to this Court that the information likely to be obtained by the installation and use of the pen register or trap and trace device is relevant to an ongoing criminal investigation by the United States Marshals Service.

## ATTACHMENT B

## Particular Things to Be Seized

## from Cell Phone Service Provider

1. Information about the target cell phone and its location, later referred to collectively as location information, include all precision location information, E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data (PCMD), and real time cell site information for 30 days, beginning from the date the warrant was issued. The information includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. § 3123 by the service provider and the United States Marshals Service. Because the request for such location data may include use of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to comply with the Pen Register Statute as well as Rule 41. The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant therefore includes all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

2. To the extent that the information described is within the possession, custody, or control of the service provider, the service provider is required to disclose all location information to the government.

3. All subscriber, extended subscriber, handset information, and WI-FI MAC address, as well as all technical assistance necessary to accomplish the collection of the location information unobtrusively and with as little interference as possible. This includes initiating a signal to determine the location of the target cell phone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times directed by the government.

4. Call detail records with cell site location information for voice, SMS, MMS, and data connections and PCMD / RTT reports for the past thirty (30) days. The government shall compensate the service provider for reasonable expenses incurred in furnishing such facilities or assistance. Any service provider or representative who gains access to the information in this warrant shall not disclose the existence of the warrant or investigation unless disclosure is to their attorneys for purposes of seeking legal advice or disclosure is explicitly allowed / ordered by the Court.

5.   This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described.  *See* 18 U.S.C. § 3103a(b)(2).